■ THOMAS ISNARDI, Plaintiff, v GENOVESE DRUG STORES, INC., Appellant, and ROBBINS & COWAN, INC., Defendant and Third-Party Plaintiff-Respondent. JOE DEMASCO, Third-Party Defendant-Appellant. (And a Second Third-Party Action.) [662 NYS2d 790] —In an action to recover damages for personal injuries, the defendant Genovese Drug Stores, Inc., appeals, as limited by its brief and by letter dated May 9, 1997, from so much of an order of the Supreme Court, Suffolk County (Newmark, J.), dated July 2, 1996, as denied its motion for summary judgment on its cross claim against Robbins & Cowan, Inc., for common-law indemnification. The third-party defendant Joe Demasco separately appeals (1), as limited by his brief, from so much of the same order as (a) granted the motion of Robbins & Cowan, Inc., for summary judgment on the issues of common-law indemnification, contractual indemnifica-

tion, and breach of contract for failure to procure insurance, and (b) denied his cross motion to dismiss the cause of action in the third-party complaint asserting breach of contract for failure to procure insurance, and (2) from an interlocutory judgment of the same court, entered October 2, 1996, upon the order, which is in favor of Robbins & Cowan, Inc., and against him "for whatever sum of money the plaintiff recovers against the defendant Robbins & Cowan, Inc.".

Ordered that the appeal by Joe Demasco from the order dated July 2, 1996, is dismissed, as those parts of the order from which he appeals were superseded by the interlocutory judgment entered October 2, 1996; and it is further,

Ordered that the order dated July 2, 1996, is affirmed insofar as reviewed; and it is further,

Ordered that the interlocutory judgment entered October 2, 1996, is modified, on the law, by deleting the provision thereof which unconditionally granted the motion of the defendant third-party plaintiff Robbins & Cowan, Inc., for summary judgment against the third-party defendant Joe Demasco on the issue of indemnification, and substituting therefor a provision granting the motion conditionally in the event that the plaintiff recovers against Robbins & Cowan, Inc.; as so modified, the interlocutory judgment is affirmed insofar as appealed from; and it is further,

Ordered that Robbins & Cowan, Inc., is awarded one bill of costs.

The appeal by Joe Demasco from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of an interlocutory judgment in the third-party action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on Demasco's appeal from the order are brought up for review and have been considered on the appeal from the interlocutory judgment (CPLR 5501 [a] [1]).

The plaintiff, Thomas Isnardi, injured while performing demolition work, commenced this action against the defendants Genovese Drug Stores, Inc. (hereinafter Genovese), the owner of the premises, and the project's general contractor, Robbins & Cowan, Inc. (hereinafter Robbins & Cowan). By order entered January 2, 1996, the Supreme Court granted the plaintiff summary judgment against these defendants on the issue of liability pursuant to Labor Law § 240 (1), and, on appeal, we reversed (*see, Isnardi v Genovese Drug Stores,* 242 AD2d 671 [decided herewith]).

The general contractor thereafter commenced a third-party

action for indemnification against its demolition subcontractor, Joe Demasco, the plaintiff's employer on the date of the accident. The Supreme Court correctly found that Robbins & Cowan should prevail on its third-party claim against Demasco. While the record indicates that Robbins & Cowan had a foreman at the work site at all times, the evidence which it submitted in support of its motion demonstrated that neither the foreman nor any of its other employees exercised control over the manner in which the plaintiff performed his work. Accordingly, the general contractor is conditionally entitled to common-law indemnification from the subcontractor Demasco in the event that the plaintiff recovers from it in the main action (*see, Bello v Lefrak,* 236 AD2d 571; *Rice v PCM Dev. Agency Co.,* 230 AD2d 898; *Richardson v Matarese,* 206 AD2d 354).

The general contractor is also entitled to contractual indemnification pursuant to the indemnification clause of the parties' agreement, which required Demasco to indemnify it "for any claims arising out of or resulting from the performance of the subcontractor's work" regardless of whether the subcontractor had actually been negligent (*see, Brown v Two Exch. Plaza Partners,* 76 NY2d 172). Moreover, the general contractor is conditionally entitled to indemnification based upon Demasco's undisputed breach of his contractual obligation to procure liability insurance naming Robbins & Cowan as an additional insured (*see, Kinney v Lisk Co.,* 76 NY2d 215; *Khan v Convention Overlook,* 232 AD2d 529; *DiMuro v Town of Babylon,* 210 AD2d 373).

The parties' remaining contentions are without merit. Sullivan, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.