■ ROBERT KENNELTY et al., Plaintiffs, v DARLIND CONSTRUCTION, INC., Defendant and Third-Party Defendant-Respondent, TORCON, INC., Defendant and Third-Party Plaintiff-Appellant and CIBA-GEIGY CORPORATION, Appellant. MEHL ELECTRIC CO., INC., Third-Party Defendant-Respondent and Second Third-Party Defendant-Respondent; NOVARTIS PHARMACEUTICALS CORPORATION, Formerly Known as CIBA-GEIGY CORPORATION, Second Third-Party Plaintiff-Appellant. [688 NYS2d 584] —In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff Torcon, Inc., the defendant Ciba-Geigy Corporation, and the second third-party plaintiff Novartis Pharmaceuticals Corporation, f/k/a Ciba-Geigy Corporation, appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Sherwood, J.), dated August 3, 1998, as (1) denied those branches of their motion which were for summary judgment on the causes of action asserted by (a) Torcon, Inc., in the third-party complaint to recover damages for breach of contract and contractual indemnification against the defendant third-party defendant Darlind Construction, Inc., and the third-party defendant second third-party defendant Mehl Electric Co., Inc., and (b) Novartis Pharmaceuticals Corporation, f/k/a Ciba-Geigy Corporation, in the second third-party complaint to recover damages for breach of contract and contractual indemnification against Mehl Electric Co., Inc., and (2) granted those branches of the cross motion of the defendant third-party defendant Darlind Construction, Inc., which were for summary judgment dismissing all cross claims insofar as asserted against it and the third-party complaint insofar as asserted against it.

Ordered that the appeals by (a) Torcon, Inc., from so much of the order as denied that branch of the motion which was for summary judgment on the causes of action asserted by Novartis Pharmaceuticals Corporation, f/k/a Ciba-Geigy Corporation, in the second third-party complaint to recover damages for breach of contract and contractual indemnification against Mehl Electric Co., Inc., and (b) Ciba-Geigy Corporation and Novartis Pharmaceuticals Corporation, f/k/a Ciba-Geigy

Corporation from so much of the order as denied that branch of the motion which was for summary judgment on the causes of action asserted by Torcon, Inc. in the third-party complaint to recover damages for breach of contract and contractual indemnification against the defendant third-party defendant Darlind Construction, Inc., are dismissed, as those parties are not aggrieved by those parts of the order; and it is further,

Ordered that the order is modified, on the law, by (1) deleting the provisions thereof which denied those branches of the motion which were for summary judgment on the causes of action asserted by (a) Torcon, Inc., in the third-party complaint to recover damages for breach of contract against the defendant third-party defendant Darlind Construction, Inc., and the third-party defendant second third-party defendant Mehl Electric Co., Inc., and (b) Novartis Pharmaceuticals Corporation, f/k/a Ciba-Geigy Corporation, on its cause of action in the second third-party complaint to recover damages for breach of contract against Mehl Electric Co., Inc., and substituting therefor provisions granting those branches of the motion, (2) deleting the provision thereof which denied that branch of the motion of Novartis Pharmaceuticals Corporation, f/k/a Ciba-Geigy Corporation, which was for summary judgment on its cause of action in the second third-party complaint for contractual indemnification against Mehl Electric Co., Inc., and substituting therefor a provision granting that branch of the motion, and (3) deleting the provision thereof which granted that branch of the cross motion of Darlind Construction, Inc., which was for summary judgment dismissing so much of the third-party complaint as seeks to recover damages for contractual indemnification, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that the appellants are awarded one bill of costs.

Robert Kennelty, an electrician, was injured in a construction accident. The owner of the site at which the accident occurred was Ciba-Geigy Corporation, now known as Novartis Pharmaceuticals Corporation. The general contractor was Torcon, Inc. Kennelty was employed by Mehl Electric Co., Inc., an electrical subcontractor. He fell from the top of an extension ladder owned by another subcontractor, Darlind Construction, Inc.

Kennelty and his wife commenced this action to recover damages for his personal injuries and loss of services against the ladder owner, the site owner, and the general contractor. The

plaintiff claimed, *inter alia*, that the defendants were negligent in the ownership, operation, maintenance, and control of the premises, and that they violated Labor Law §§ 240 and 241. The general contractor brought a third-party action against the ladder owner and the electrical subcontractor, claiming, *inter alia*, that they breached their contracts with the general contractor by failing to procure general liability insurance naming the general contractor and the site owner as additional insureds and seeking contractual indemnification. The site owner brought a second third-party action against the electrical subcontractor raising similar contentions.

The Supreme Court erred in failing to grant summary judgment to the general contractor and the site owner on their causes of action to recover damages for breach of contract for failure to procure general liability insurance naming them as additional insureds. It is well settled that an agreement to purchase insurance coverage is clearly distinct from and treated differently from the agreement to indemnify (*see, Kinney v Lisk Co.*, 76 NY2d 215; *McGill v Polytechnic Univ.*, 235 AD2d 400; *Mathew v Crow Constr. Co.*, 220 AD2d 490). Neither the ladder owner nor the electrical subcontractor established that they had purchased the insurance required under the contracts. Therefore, they are responsible for all "resulting damages, including the liability [of the general contractor and the site owner] to [the] plaintiff" (*Kinney v Lisk Co., supra*, at 219; *McGill v Polytechnic Univ., supra; Mathew v Crow Constr. Co., supra*). The submission by the ladder owner of a certificate of insurance, which expressly stated that it was "[a] matter of information only and confe[rs] no rights upon the certificate holder" is not sufficient, by itself, to show that it purchased the required insurance (*American Ref-Fuel Co. v Resource Recycling*, 248 AD2d 420, 423; *McGill v Polytechnic Univ., supra*). Moreover, because the insurance procurement clause is entirely independent of the indemnification provisions in the contracts, a final determination of the liability of the ladder owner and the electrical subcontractor "for [their] failure to procure insurance need not await a factual determination as to whose negligence, if anyone's, caused the plaintiff's injuries" (*McGill v Polytechnic Univ., supra*, at 402; *see also, Mathew v Crow Constr. Co., supra*).

Inasmuch as the site owner sought summary judgment against the electrical subcontractor on the issue of contractual indemnification in the second third-party action, the Supreme Court erred in denying that relief. While owners and general contractors owe nondelegable duties under the Labor Law to

plaintiffs who are employed at their worksites, these defendants can recover in indemnity, either contractual or common-law, from those considered responsible for the accident (*see, Brown v Two Exch. Plaza Partners,* 76 NY2d 172). "A party is entitled to full contractual indemnification provided that the 'intention to indemnify can be clearly implied from the language and purposes of the entire agreement and the surrounding facts and circumstances'" (*Drzewinski v Atlantic Scaffold & Ladder Co.,* 70 NY2d 774, 777). However, General Obligations Law § 5-322.1 voids any indemnification clause to the extent that a party seeks indemnity for its own acts of negligence (*see, Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.,* 89 NY2d 786; *Brown v Two Exch. Plaza Partners, supra; McGlynn v Brooklyn Hosp.-Caledonian Hosp.,* 209 AD2d 486). Here, the Supreme Court found that the site owner was liable to the injured plaintiff under Labor Law § 240 (1) based solely upon its ownership of the premises; there is no evidence that the site owner was negligent. The injured plaintiff acknowledged that at the time of the accident he was following the instructions and direction of his foreman. There is no proof that the site owner directed, controlled, or supervised the manner in which the injured plaintiff performed his work. Therefore, the site owner is entitled to summary judgment on its cause of action against the electrical subcontractor based on the contractual agreement requiring that subcontractor to hold the site owner harmless and indemnify it (*see, Isnardi v Genovese Drug Stores,* 242 AD2d 672; *Dawson v Pavarini Constr. Co.,* 228 AD2d 466). The site owner, however, is not entitled to summary judgment on its cross claim for common-law indemnification against the ladder owner because there is no evidence that the ladder owner had the authority to direct, supervise, or control the injured plaintiff's work (*cf., Lopez v 36-2nd J Corp.,* 211 AD2d 667).

With regard to those branches of the motion which were for summary judgment in favor of the general contractor on its contractual indemnification claims, questions of fact exist as to the extent to which the general contractor exercised direction, control, and supervision because one of its superintendents on the worksite testified at his deposition that he made daily inspections of the worksite and could stop work if there was an unsafe condition. He also acknowledged that the general contractor supervised the electrical subcontractor's employees with respect to the performance of its work. "Even where a contractual agreement provides for indemnification of a general contractor by a subcontractor, such a provision will not be enforced so as to indemnify a party for its own negligence" (*Stein v Yonkers Contr.,* 244 AD2d 476, 478; *see also, Itri Brick*

*& Concrete Corp. v Aetna Cas. & Sur. Co., supra; Brown v Two Exch. Plaza Partners, supra*).

Finally, because the contract between the general contractor and the ladder owner provided that the ladder owner would indemnify the general contractor for the negligence of other subcontractors, regardless of whether or not it was actually negligent, the ladder owner is not entitled to summary judgment dismissing the general contractor's claim for contractual indemnification. O'Brien, J. P., Joy, Krausman and Luciano, JJ., concur.