■ Rosario Lazzaro et al., Plaintiffs, v MJM Industries, Inc., Appellant, Gelco Builders, Inc., Respondent, et al., Defendant. (And a Third-Party Action.) [733 NYS2d 500] —In an action to recover damages for personal injuries, etc., the defendant MJM Industries, Inc., appeals from so much of an order of the Supreme Court, Kings County (Barron, J.), dated July 11, 2000, as granted that branch of the cross motion of the defendant Gelco Builders, Inc., which was for summary judgment on its cross claims against MJM Industries, Inc., for contractual and common-law indemnification.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

"While owners and general contractors owe nondelegable duties under the Labor Law to plaintiffs who are employed at their worksites, these defendants can recover in indemnity, either contractual or common-law, from those considered responsible for the accident" (*Kennelty v Darlind Constr.,* 260 AD2d 443, 445-446; *see, Brown v Two Exch. Plaza Partners,* 76 NY2d 172). Here, the language of the contract between Gelco Builders, Inc. (hereinafter Gelco) and MJM Industries, Inc. (hereinafter MJM) clearly reflects their intention that Gelco be entitled to full contractual indemnification from MJM (*see, Drzewinski v Atlantic Scaffold & Ladder Co.,* 70 NY2d 774). While General Obligations Law § 5-322.1 voids any indemnification clause to the extent that a party seeks indemnity for its own acts of negligence (*see, Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.,* 89 NY2d 786; *Brown v Two Exch. Plaza Partners, supra*), the Supreme Court correctly found that Gelco was liable to the plaintiff under Labor Law § 240 (1) based solely upon its status as the general contractor. Since there is no evidence that Gelco was negligent or that it directed, controlled, or supervised the manner in which the injured plaintiff performed his work, it is entitled to summary judgment on its cause of action against MJM, its subcontractor, based on the contractual agreement requiring MJM to hold Gelco harmless and indemnify it (*see, Kennelty v Darlind Constr., supra; Isnardi v Genovese Drug Stores,* 242 AD2d 672; *Dawson v Pavarini Constr. Co.,* 228 AD2d 466). Krausman, J. P., Friedmann, Florio and Adams, JJ., concur.