■ JOSEPH DANIELS, Plaintiff, v BOHN/FIORE, INC., et al., Defendants, BED BATH AND BEYOND, Respondent, and 4518 ASSOCIATES (LTD PTSHP) et al., Appellants. [751 NYS2d 765] —In an action to recover damages for personal injuries, the defendants 4518 Associates (Ltd Ptshp) and Tishman Speyer Properties appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated March 6, 2002, as denied their cross motion for summary judgment on their cross claim for contractual indemnification against the defendant Bed Bath and Beyond.

Ordered that the order is affirmed insofar as appealed from, with costs to the respondent payable by the appellant.

As the owner and general managing agent of the subject building undergoing physical alterations, the appellants may be liable pursuant to Labor Law § 240 (1) and § 241 (6) once the plaintiff establishes violations thereof that proximately caused his injuries (*see Otero v Cablevision of N.Y.,* 297 AD2d 632; *Pineda v 79 Barrow St. Owners Corp.,* 297 AD2d 634; *Kane v Coundorous,* 293 AD2d 309). The appellants may seek contractual indemnification from those parties whose negligence was responsible for the plaintiff's injuries (*see Lazzaro v MJM Indus.,* 288 AD2d 440; *Kennelty v Darlind Constr.,* 260 AD2d 443) to the extent that the appellants do not seek

indemnification for their own acts of negligence (*see Kennelty v Darlind Constr., supra* at 446; General Obligations Law § 5-322.1).

In the instant case, the appellants failed to establish, as a matter of law, that they were free of negligence contributing to the plaintiff's accident (*see Reynolds v County of Westchester,* 270 AD2d 473). Accordingly, the Supreme Court correctly denied the appellants summary judgment on their cross motion for contractual indemnification from the codefendant lessee Bed Bath and Beyond. Altman, J.P., S. Miller, Luciano and Rivera, JJ., concur.