■ JEFFREY VALENTI et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY, Defendant and Third-Party Plaintiff-Appellant, and R.A. GOTTLIEB, Respondent. SHELDON ELECTRIC, INC., Third-Party Defendant-Respondent. [772 NYS2d 568]—

In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff New York City Transit Authority appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Durante, J.), dated December 18, 2002, as, upon reargument, (1) vacated stated portions of a prior order of the same court dated May 9, 2002, and (2) denied that branch of its motion which was for summary judgment on its claim for contractual indemnification against the defendant third-party defendant fourth-party plaintiff R.A. Gottlieb, Inc.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The Supreme Court, upon reargument, properly denied that branch of the motion of the defendant third-party plaintiff, New York City Transit Authority (hereinafter the Transit Authority), which was for summary judgment on its claim for contractual indemnification against the defendant third-party defendant fourth-party plaintiff, R.A. Gottlieb, Inc. (hereinafter Gottlieb). In opposition to the Transit Authority's prima facie showing of entitlement to judgment as a matter of law, Gottlieb raised a triable issue of fact as to the extent of supervision and control exercised by the Transit Authority over the work being performed which resulted in the plaintiff Jeffrey Valenti's injuries (*see Belcastro v Hewlett-Woodmere Union Free School Dist. No. 14,* 286 AD2d 744, 746-747 [2001]; *Kennelty v Darlind Constr.,* 260 AD2d 443, 446 [1999]). In particular, there is an issue of fact with respect to the Transit Authority's negligence, inter alia, in affording access to the room in which the subject accident occurred.

The Transit Authority's remaining contentions are without merit. Ritter, J.P., Goldstein, Crane and Rivera, JJ., concur.