■ MOHAMMED ABDUL KADER, Plaintiff, v CITY OF NEW YORK, HOUSING PRESERVATION AND DEVELOPMENT, Respondent, and FAMOUS WATERPROOFING, INC., Appellant (and a Third-Party Action). [791 NYS2d 634]—

In an action to recover damages for personal injuries, the defendant Famous Waterproofing, Inc., appeals from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated December 6, 2002, as, upon reargument, adhered to so much of a prior order of the same court dated May 23, 2002, as granted the motion of the defendant City of New York, Housing Preservation and Development for summary judgment on its cross claim for indemnification. Justice Florio has been

substituted for the late Justice Altman (*see* 22 NYCRR 670.1 [c]).

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, upon reargument, so much of the order dated May 23, 2002, as granted the motion of the defendant City of New York, Housing Preservation and Development, for summary judgment on its cross claim for indemnification against the appellant is vacated, and the motion is denied.

The plaintiff fell from scaffolding while performing work on the exterior of a building owned by the defendant the City of New York, Housing Preservation and Development (hereinafter the City). The defendant Famous Waterproofing, Inc. (hereinafter FWI), was hired as general contractor for the project by the City's construction manager, Delcor Associates, a nonparty. The plaintiff was employed by a subcontractor hired by FWI.

The plaintiff brought this action against the City and FWI, inter alia, pursuant to Labor Law § 240 (1). The City asserted a cross claim against FWI for indemnification, and subsequently sought summary judgment on the cross claim. The Supreme Court granted the City's motion. FWI filed a notice of appeal from that order, but did not perfect the appeal, resulting in its dismissal by decision and order on motion of this Court dated April 3, 2003.

In the meantime, FWI moved for leave to reargue the City's summary judgment motion. The Supreme Court granted the motion for leave to reargue but adhered to the prior determination granting the City summary judgment on the cross claim against FWI for indemnification.

FWI would ordinarily be precluded from relitigating, on this appeal, issues which could have been raised on its prior appeal (*see Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750 [1999]). However, under the circumstances of this case, we exercise our discretion to entertain the appeal (*see Faricelli v TSS Seedman's, Inc.*, 94 NY2d 772 [1999]).

We agree with FWI that the City was not entitled to summary judgment on its cross claim for indemnification. The indemnification clause contained in the contract between FWI, as general contractor, and the City's construction manager, Delcor Associates, provides, in pertinent part, as follows: "The Contractor [FWI] shall indemnify and hold [Delcor Associates] and [the City] harmless against the risk of loss, damage, or liability caused by personal injuries, bodily injuries, wrongful death, and/or property damages arising out of or in connection with the performance of the Work, as a result of the negligence,

carelessness, or willful tort of the Contractor, its agents, employees, contractors, or subcontractors, whether sustained before or after completion thereof."

While an owner who is held liable in the absence of negligence, pursuant to Labor Law § 240 (1), may be entitled to contractual indemnification, "it is elementary that the right to contractual indemnification depends upon the specific language of the contract" (*Gillmore v Duke/Fluor Daniel,* 221 AD2d 938, 939 [1995]). Since the City failed to establish that, as a matter of law, the plaintiff's accident was the "result of the negligence, carelessness, or willful tort of [FWI], its agents, employees, contractors, or subcontractors," it was error to grant the City summary judgment on the cross claim for contractual indemnification (*see Naclerio v C.R. Klewin, Inc.,* 293 AD2d 588 [2002]; *Colyer v K Mart Corp.,* 273 AD2d 809 [2000]).

Similarly, the Supreme Court erred in granting the City summary judgment on its claim for common-law indemnification. A contractor "may be held obligated to indemnify under the common law upon proof that its actual negligence contributed to an accident, or, in the absence of any negligence, where it had the authority to direct, supervise, and control the work giving rise to the injury" (*Hernandez v Two E. End Ave. Apt. Corp.,* 303 AD2d 556, 556 [2003]). Although the City established its own freedom from negligence, it did not establish, as a matter of law, that FWI either was actually negligent, or that it had the authority to direct, supervise, and control the plaintiff's work (*see Singh v Congregation Bais Avrohom K'Krula,* 300 AD2d 567 [2002]). Prudenti, P.J., Florio, Adams and Luciano, JJ., concur.