ANTHONY DAMIANI et al., Respondents, v FEDERATED DEPARTMENT STORES, INC., Defendant and First, Second and Third Third-Party Plaintiff-Respondent, CORPORATE PROPERTY INVESTORS, Defendant and First, Second and Third Third-Party Plaintiff-Respondent-Appellant, DYNAMIC RESOURCES, INC., Appellant, LEVI STRAUSS & Co., INC., Defendant and Third-Party Defendant-Respondent-Appellant, and HUTTON ELECTRICAL CONTRACTING CORP., Defendant and Second Third-Party Defendant-Respondent. GILMAN CONSTRUCTION COMPANY, Third Third-Party Defendant-Appellant-Respondent. [804 NYS2d 103]—

In an action to recover damages for personal injuries, etc., the third third-party defendant, Gilman Construction Company, appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Gigante, J.), dated March 16, 2004, as denied its motion for summary judgment dismissing the third third-party complaint and on its cross claims

against the defendant second third-party defendant, Hutton Electrical Contracting Corp., the defendant Dynamic Resources, Inc., cross-appeals from so much of the same order as denied those branches of its motion which were for summary judgment dismissing the plaintiffs' causes of action to recover damages based on violations of Labor Law §§ 200 and 241 (6) and all cross claims insofar as asserted against it, and the defendant/ first, second, and third third-party plaintiff Corporate Property Investors and the defendant third-party defendant Levi Strauss & Co., Inc., separately cross-appeal from the same order.

Ordered that the separate cross appeals of Corporate Property Investors and Levi Strauss & Co., Inc., are dismissed as abandoned, without costs or disbursements (see 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of Gilman Construction Company which was for summary judgment on its cross claim against Hutton Electrical Contracting Corp. for contractual indemnification and substituting therefor a provision granting that branch of the motion, and deleting the provisions thereof denying those branches of the motion of Dynamic Resources, Inc., which were for summary judgment dismissing the plaintiffs' causes of action to recover damages based on violations of Labor Law §§ 200 and 241 (6) and all cross claims insofar as asserted against it and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

In 1995 the Macy's department store located at the Walt Whitman Mall in Huntington Station (hereinafter Macy's) closed for renovations. Macy's was owned by Federated Department Stores, Inc. (hereinafter Federated), and the Walt Whitman Mall was owned by Corporate Property Investors (hereinafter CPI). Macy's hired Gilman Construction Company (hereinafter Gilman) as the general contractor for the project. Hutton Electrical Contracting Corp. (hereinafter Hutton) was hired as an electrical subcontractor by Gilman. In 1996 Hutton installed the lighting fixtures in the Docker's department at Macy's.

In August 1997 Levi Strauss & Co, Inc. (hereinafter Levi), was a lessee of space in Macy's and was renovating the Docker's department at the store. Dynamic Resources, Inc. (hereinafter Dynamic), was the project manager hired by Levi for the renovation. Dynamic hired nonparty Aurora Electric (hereinafter Aurora) as a subcontractor to remove and replace the ceiling fixtures. On August 19, 1997, the plaintiff Anthony Damiani,

who was an employee of Aurora, fell from a ladder while performing electrical work in the Docker's department. The electrical wire was allegedly miscolored, erroneously indicating that the voltage was 110 rather than 277, and the injured plaintiff was shocked and thrown from the ladder from a height of 10 feet.

The plaintiffs commenced this action against Federated, CPI, Levi, Dynamic, and Hutton alleging violations of Labor Law §§ 200, 240 (1), and § 241 (6). Federated and CPI commenced three third-party actions for indemnification against Levi, Hutton, and Gilman. Gilman, as the third third-party defendant, inter alia, cross-claimed against Hutton for contractual and common-law indemnification. After discovery, all the defendants moved for summary judgment, and the Supreme Court dismissed the cause of action alleging violation of Labor Law § 240 (1) but denied all other branches of the defendants' respective motions.

Gilman, the general contractor which hired electrical subcontractor Hutton to perform work at Macy's during the 1996 renovations, met its prima facie burden of establishing its entitlement to summary judgment on its cross claim for indemnification against Hutton (see *Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). The subcontract agreement indicated that Hutton would guarantee the work for one year after completion, and it referenced a blanket purchase order agreement which contained an indemnification clause. In opposition thereto, Hutton failed to raise an issue of fact. Hutton's reliance on General Obligations Law § 5-322.1 is misplaced, as that statute only prohibits enforcement of a contractual indemnification clause if the party seeking indemnification was negligent (see *Brown v Two Exch. Plaza Partners*, 76 NY2d 172, 178-181 [1990]), or had the authority to supervise, direct, or control the manner of the work that caused the injury (see *Naranjo v Star Corrugated Box Co., Inc.*, 11 AD3d 436, 438 [2004]; *Lazzaro v MJM Indus.*, 288 AD2d 440, 441 [2001]). Gilman had not been on the site for more than 10 months prior to the occurrence of the plaintiff's accident, and therefore, Gilman did not control the injured plaintiff's work (see *Isnardi v Genovese Drug Stores*, 242 AD2d 672, 674 [1997]). Nor is there any evidence that Gilman supervised, directed, or controlled the manner of Hutton's work in wiring the lights (*id.*). Therefore, Gilman should have been granted summary judgment on its cross claim against Hutton for contractual indemnification.

Furthermore, Dynamic's motion for summary judgment should have been granted in its entirety. A party is deemed to be an agent of an owner or general contractor under the Labor

Law when it has supervisory control and authority over the work being done where a plaintiff is injured (see Labor Law §§ 200, 241 [6]; *Russin v Louis N. Picciano & Son,* 54 NY2d 311, 318 [1981]). To impose such liability, the defendant must have the authority to control the activity bringing about the injury so as to enable it to avoid or correct the unsafe condition (*id.*). It is not a defendant's title that is determinative, but the amount of control or supervision exercised (see *Aranda v Park E. Constr.,* 4 AD3d 315 [2004]). Here, Dynamic alleged that it was merely a project manager for the 1997 renovations of the Docker's department in Macy's when the plaintiff was injured. Levi alleged that Dynamic was the general contractor. The record demonstrates that Dynamic's role was only one of general supervision, which is insufficient to impose liability under the Labor Law (see *Dos Santos v STV Engrs., Inc.,* 8 AD3d 223, 224 [2004]). Since no evidence was submitted to demonstrate that Dynamic had any control or supervisory role over the work of the plaintiff, so as to enable it to prevent or correct any unsafe conditions, there is no triable issue of fact as to Dynamic's liability under Labor Law §§ 200 or 241 (6) (see *Russin v Louis N. Picciano & Son, supra*).

The Supreme Court also denied Hutton's motion for summary judgment dismissing, inter alia, the complaint insofar as asserted against it. However, since Hutton did not file a notice of appeal, we have not considered its contention that this was error (see *Hecht v City of New York,* 60 NY2d 57, 63 [1983]; *Culver & Theisen v Starr Realty Co. [NE]),* 307 AD2d 910 [2003]).

The parties' remaining contentions are without merit. Schmidt, J.P., Cozier, Rivera and Fisher, JJ., concur.