■ SANDRO FARDUCHI, Plaintiff, v UNITED ARTISTS THEATRE CIRCUIT, INC., et al., Defendants, PEPCO CONSTRUCTION OF NEW YORK, INC., Appellant, and FORDHAM CONSTRUCTION COMPANY et al., Respondents. (Appeal No. 1.) SANDRO FARDUCHI, Respondent, v UNITED ARTISTS THEATRE CIRCUIT, INC., et al., Respondents, and F.R.P. SHEET METAL CONTRACTING CORP., Appellant. (Appeal No. 2.) [804 NYS2d 788]—

In an action to recover damages for personal injuries, (1) the defendant Pepco Construction of New York, Inc., appeals from so much of an order of the Supreme Court, Queens County

(Golar, J.), dated December 5, 2003, as denied its cross motion for summary judgment against the defendants Fordham Construction Company and Savmor Mechanical, Inc., on its cross claims for common-law and contractual indemnification, and to recover damages for breach of the insurance procurement provisions of the parties' contracts, and (2) the defendant F.R.P. Sheet Metal Contracting Corp. appeals from so much of an order of the same court dated July 9, 2004, as denied its cross motion for leave to reargue that branch of its prior motion which was for summary judgment dismissing the cause of action to recover damages for common-law negligence and all cross claims insofar as asserted against it and as granted the plaintiff's motion for leave to reargue those branches of its prior motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 241 (6) insofar as asserted against it, which had been granted in the order dated December 5, 2003, and, upon reargument, denied that branch of its prior motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 200 insofar as asserted against it, and reinstated the Labor Law § 200 cause of action.

Ordered that the appeal by the defendant F.R.P. Sheet Metal Contracting Corp. from so much of the order dated July 9, 2004, as denied its cross motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated December 5, 2003, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated July 9, 2004, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendants Fordham Construction Company and Savmor Mechanical, Inc., payable by the defendant Pepco Construction of New York, Inc., and one bill of costs is awarded to the plaintiff payable by the defendant F.R.P. Sheet Metal Contracting Corp.

The Supreme Court properly denied summary judgment to the general contractor, the defendant Pepco Construction of New York, Inc. (hereinafter Pepco), on its cross claims for common-law and contractual indemnification against the subcontractors, the defendants Fordham Construction Company (hereinafter Fordham) and Savmor Mechanical, Inc. (hereinafter Savmor). Pepco met its initial burden of demonstrating, prima facie, its entitlement to indemnification as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]) by introducing its contracts with Savmor and Fordham, which

included express indemnification clauses in favor of Pepco (*see Naranjo v Star Corrugated Box Co., Inc.*, 11 AD3d 436, 437-438 [2004]). However, the subcontractors submitted sufficient evidence to raise a triable issue of fact as to the parties' negligence, as well as the extent to which each exercised direction, supervision, and control over the work, so as to preclude summary judgment on both the contractual and common-law indemnification causes of action (*see* General Obligations Law § 5-322.1; *Kader v City of N.Y., Hous. Preserv. & Dev.*, 16 AD3d 461, 463 [2005]; *Perri v Gilbert Johnson Enters., Ltd.*, 14 AD3d 681, 684-685 [2005]; *Valenti v New York City Tr. Auth.*, 5 AD3d 473 [2004]; *Kennelty v Darlind Constr.*, 260 AD2d 443, 446 [1999]; *Canka v Coalition for the Homeless*, 240 AD2d 355, 356-357 [1997]). Furthermore, the court correctly found that Pepco failed to demonstrate that Savmor or Fordham breached any insurance procurement provision of their respective contracts with Pepco.

Additionally, the Supreme Court providently exercised its discretion in granting the plaintiff leave to reargue and, upon reargument, in denying that branch of the motion of F.R.P. Sheet Metal Contracting Corp. (hereinafter FRP) which was for summary judgment dismissing the cause of action to recover damages for a violation of Labor Law § 200 insofar as asserted against it and reinstating that cause of action. FRP failed to sustain its burden of establishing that it did not supervise or control the work of its employees, who may have created the dangerous condition that caused the plaintiff's injuries (*see Paladino v Society of N.Y. Hosp.*, 307 AD2d 343, 344-345 [2003]; *Everitt v Nozkowski*, 285 AD2d 442, 443 [2001]). Contrary to FRP's apparent belief, the determinative factor is not whether the contractor exercised control over the plaintiff's work, but whether it had the authority to control the activity which caused the unsafe condition (*see Russin v Louis N. Picciano & Son*, 54 NY2d 311, 317 [1981]; *Mennerich v Esposito*, 4 AD3d 399, 401 [2004]).

FRP also contends that the Supreme Court improperly denied that branch of its prior motion which was for summary judgment dismissing the cause of action alleging common-law negligence and all cross claims insofar as asserted against it. However, FRP appeals from so much of the order dated July 9, 2004, as denied its cross motion for leave to reargue that issue. As no appeal lies from the denial of reargument, that part of FRP's appeal must be dismissed (*see Kisswani v Manikis*, 303 AD2d 643, 644 [2003]). Schmidt, J.P., S. Miller, Santucci and Spolzino, JJ., concur.