■    TIMOTHY O'CONNOR et al., Respondents, v WILLIAM METROSE LTD. BUILDER/DEVELOPER et al., Appellants. [832 NYS2d 711]—

Appeals from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered April 14, 2006. The order, insofar as appealed from, granted plaintiffs' motion for partial summary judgment on liability under Labor Law § 240 (1) and denied defendants' cross motions for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the cross motion of defendant William Metrose Ltd. Builder/Developer, dismissing the complaint against it, granting in part the cross motion of defendant Robert Nolan Drywall, LLC, dismissing the Labor Law § 240 (1) and § 241 (6) causes of action against it and dismissing plaintiffs' motion and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Timothy O'Connor (plaintiff) when the ladder on which he was standing while performing drywall finishing work slipped, and he fell to the ground. Defendant William Metrose Ltd. Builder/Developer (Metrose) was the owner of the property, and defendant Robert Nolan Drywall, LLC (Drywall, LLC) was the drywall contractor. Plaintiff signed an "Indemnification Statement," pursuant to which he agreed to indemnify the owner and contractor for any claim "arising out of, in connection with, or as a consequence of the performance of the work, and/or any acts or omissions of the subcontractor." Supreme Court, inter alia, granted plaintiffs' motion for partial summary judgment on liability on the Labor Law § 240 (1) cause of action and denied the cross motions of defendants for summary judgment dismissing the complaint against them based on the indemnification statement.

The court erred in denying the cross motion of Metrose and in denying those parts of the cross motion of Drywall, LLC for summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) causes of action against it. We therefore modify the order accordingly. The indemnification statement required plaintiff to indemnify Metrose, the owner, and Drywall, LLC, the contractor (*see Brown v Two Exch. Plaza Partners*, 76 NY2d 172, 178 [1990]). Contrary to the court's determination, the

indemnification statement was not too vague to be enforceable despite its failure to set forth any particular job site or duration (*see Rodrigues v N & S Bldg. Contrs., Inc.*, 5 NY3d 427, 433 [2005]). Pursuant to General Obligations Law § 5-322.1, however, "a party to a contract who is a beneficiary of an indemnification provision must prove itself to be free of negligence; to any extent that the negligence of such a party contributed to the accident, it cannot be indemnified therefor" (*Reynolds v County of Westchester*, 270 AD2d 473, 474 [2000]). Metrose and Drywall, LLC established as a matter of law that the Labor Law causes of action are encompassed by the indemnification statement, and Metrose also established that the common-law negligence cause of action against it is encompassed by that statement (*see Kennelty v Darlind Constr.*, 260 AD2d 443, 446 [1999]). We further conclude, however, that there is an issue of fact whether the common-law negligence cause of action against Drywall, LLC is encompassed by the indemnification statement, and the court therefore properly denied that part of its cross motion with respect to that cause of action. Unlike Metrose, Drywall, LLC failed to establish that it was not negligent or that its negligence, if any, did not contribute to the accident, and there is a further issue of fact concerning the extent to which Drywall, LLC exercised supervision and control over plaintiff's work (*see Farduchi v United Artists Theatre Circuit, Inc.*, 23 AD3d 610, 612 [2005]).

In view of our determination, we dismiss plaintiffs' motion as moot. We therefore further modify the order accordingly. Present—Martoche, J.P., Smith, Centra, Lunn and Fahey, JJ.