■ Manuel Perez, Respondent-Appellant, v 347 Lorimer, LLC, Defendant, and EFI Construction, LLC, Defendant/Third-Party Plaintiff-Respondent. Precision Elevator Corp., Defendant/Third-Party Defendant-Appellant. [923 NYS2d 138]—

In a consolidated action to recover damages for personal injuries, the defendant/third-party defendant, Precision Elevator Corp., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Rothenberg, J.), dated March 26, 2010, as, upon consolidation, denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it, and for summary judgment dismissing the third-party complaint, and the plaintiff, Manuel Perez, cross-appeals, as limited by his brief, from so much of the same order as denied those branches of his motion which were for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 200, 240 (1) and § 241 (6) insofar as asserted against the defendant/third-party defendant, Precision Elevator Corp.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

"A party is deemed to be an agent of an owner or general contractor under the Labor Law when it has supervisory control and authority over the work being done" at the location a plaintiff is injured (*Linkowski v City of New York*, 33 AD3d 971, 974-975 [2006]; *see Walls v Turner Constr. Co.*, 4 NY3d 861, 863-864 [2005]; *Russin v Louis N. Picciano & Son*, 54 NY2d 311, 318 [1981]), and "must have the authority to control the activity bringing about the injury so as to enable it to avoid or correct the unsafe condition" (*Linkowski v City of New York*, 33 AD3d at 975; *see Russin v Louis N. Picciano & Son*, 54 NY2d at 318; *Pino v Irvington Union Free School Dist.*, 43 AD3d 1130, 1131 [2007]; *Lodato v Greyhawk N. Am., LLC*, 39 AD3d 491, 493 [2007]). "It is not a [party's] title that is determinative, but the amount of control or supervision exercised" (*Linkowski v City of New York*, 33 AD3d at 975; *see generally Aranda v Park E. Constr.*, 4 AD3d 315, 316 [2004]).

Here, the Supreme Court properly determined that both the plaintiff and the defendant/third-party defendant, Precision Elevator Corp. (hereinafter Precision), failed to establish their prima facie entitlement to judgment as a matter of law by eliminating all triable issues of fact as to whether Precision was the statutory agent of the defendant/third-party plaintiff, EFI Construction, LLC (hereinafter EFI), and/or the defendant 347 Lorimer, LLC. In addition, the deposition testimony submitted by the parties failed to eliminate triable issues of fact as to whether Precision's employee participated in the construction of the wooden platform that collapsed, resulting in the plaintiff's alleged accident. Accordingly, regardless of the sufficiency of the opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320,

324 [1986]), the Supreme Court properly denied those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 200, 240 (1) and § 241 (6) insofar as asserted against Precision. The Supreme Court also properly denied those branches of Precision's cross motion which were for summary judgment dismissing the causes of action alleging violation of the Labor Law insofar as asserted against it.

Furthermore, since Precision failed to establish, as a matter of law, that any alleged negligence on its part did not contribute to the plaintiff's alleged accident, or that it did not supervise or control the plaintiff's work, that branch of its cross motion which was for summary judgment dismissing the third-party complaint, asserting causes of action by EFI for common-law and contractual indemnification, was properly denied (*see Farduchi v United Artists Theatre Circuit, Inc.*, 23 AD3d 610, 612 [2005]; *Kader v City of N.Y., Hous. Preserv. & Dev.*, 16 AD3d 461, 463 [2005]; *Perri v Gilbert Johnson Enters., Ltd.*, 14 AD3d 681, 684-685 [2005]; *Valenti v New York City Tr. Auth.*, 5 AD3d 473 [2004]). Rivera, J.P., Dickerson, Hall and Cohen, JJ., concur.

Motion by the respondent-appellant on an appeal and cross appeal from an order of the Supreme Court, Kings County, dated March 26, 2010, to strike the brief filed by the defendant/third-party defendant-appellant, or, in the alternative, to strike Point III of the brief, on the ground that it improperly raises issues for the first time on the appeal and cross appeal and refers to matter dehors the record. By decision and order on motion of this Court dated October 28, 2010, the motion was held in abeyance and referred to the Justices hearing the appeal and cross appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal and cross appeal, it is

Ordered that the motion is denied. Rivera, J.P., Dickerson, Hall and Cohen, JJ., concur.