■ WALTER NARANJO, Respondent, v STAR CORRUGATED BOX Co., INC., Defendant and Third-Party Plaintiff-Appellant-

Respondent. FORT CICA ROOFING & GENERAL CONTRACTING, INC., Third-Party Defendant-Respondent; UNITED SPECIALIZED SERVICES CORP., Third-Party Defendant-Respondent-Appellant. [783 NYS2d 607]—

In an action to recover damages for personal injuries, the defendant third-party plaintiff, second fourth-party plaintiff, Star Corrugated Box Co., Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Dye, J.), dated September 25, 2002, as denied its motion for summary judgment on its indemnification claim against the third-party defendant, fourth-party plaintiff, Fort Cica Roofing & General Contracting, Inc., and the fourth-party defendant, second fourth-party defendant, United Specialized Services Corp., cross-appeals, as limited by its brief, from so much of the same order as granted the separate motions of Star Corrugated Box Co., Inc., and Fort Cica Roofing & General Contracting, Inc., for summary judgment on their causes of action for contractual indemnification insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to Fort Cica Roofing & General Contracting, Inc., payable by Star Corrugated Box Co., Inc., and one bill of costs to Star Corrugated Box Co., Inc., and Fort Cica Roofing & General Contracting, Inc., payable by United Specialized Services Corp.

United Specialized Services Corp. (hereinafter United) contends that the Supreme Court erred in granting the separate motions of Fort Cica Roofing & General Contracting, Inc. (hereinafter Fort Cica), and Star Corrugated Box Co., Inc. (hereinafter Star), for summary judgment on their claims for contractual indemnification insofar as asserted against it. This contention is without merit. As the proponents of the motions for summary judgment, Fort Cica and Star met their initial burdens of demonstrating their entitlement to contractual indemnification (*see*

*Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]) by introducing the agreement between United and Fort Cica, which included an express indemnification clause in favor of both Fort Cica and Star.

The burden then fell on United to come forward with sufficient evidence, in admissible form, to raise a question of fact as to whether the contractual indemnification clause should not be enforced (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). United's reliance on General Obligations Law § 5-322.1 is misplaced, as that statute only prohibits enforcement of a contractual indemnification clause if the party seeking indemnification was negligent (*see Brown v Two Exch. Plaza Partners*, 76 NY2d 172 [1990]), or had the authority to supervise, direct, or control the work that caused the injury (*see Lazzaro v MJM Indus.*, 288 AD2d 440 [2001]). The evidence failed to raise a question of fact as to either situation, and the Supreme Court therefore properly granted summary judgment to Fort Cica and Star.

The agreement between Star and Fort Cica did not have a clause requiring that Fort Cica indemnify Star, and Star failed to meet its initial burden of introducing sufficient evidence to establish that Fort Cica was negligent, or had the authority to direct, control, or supervise the work which allegedly caused the injury. Therefore, the Supreme Court also properly denied Star's motion for summary judgment on its claim for indemnification from Fort Cica (*see Singh v Congregation Bais Avrohom K'Krula*, 300 AD2d 567, 569 [2002]).

The parties' remaining contentions either are without merit, or are not properly before this Court. Smith, J.P., H. Miller, S. Miller and Luciano, JJ., concur.