■ GJF CONSTRUCTION CORP. et al., Appellants, v COSMOPOLITAN DECORATING CO., INC., et al., Respondents. [828 NYS2d 409]—

In an action, inter alia, for a judgment declaring that the defendant Liberty Mutual Insurance Company must defend and indemnify the plaintiff GJF Construction Corp. and reimburse the plaintiff Royal Insurance Company of America for all costs and expenses incurred in the defense and settlement of an underlying personal injury action entitled *Ford v GJF Constr. Corp.*, pending in the Supreme Court, Kings County, under index No. 11011/98, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated May 13, 2005, as denied their motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs failed to meet their initial burden of demonstrating, prima facie, their entitlement to a declaratory judgment as a matter of law by failing to introduce the contracts between the plaintiff GJF Construction Corp. (hereinafter GJF) and the defendant Cosmopolitan Decorating Co., Inc. (hereinafter Cosmopolitan), providing an express indemnification clause in favor of GJF (*see Naranjo v Star Corrugated Box Co., Inc.*, 11 AD3d 436, 437-438 [2004]), and the policy of Liberty Mutual Insurance Company (hereinafter Liberty Mutual). The plaintiffs could not rely in support of their motion on evidence submitted for the first time in their reply papers (*see Adler v Suffolk County Water Auth.*, 306 AD2d 229 [2003]; *Constantine v Premier Cab Corp.*, 295 AD2d 303 [2002]; *Voytek Tech. v Rapid Access Consulting*, 279 AD2d 470 [2001]). The plaintiffs' failure to make a prima facie showing requires the denial of the motion, regardless of the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

In light of the foregoing, we do not reach the parties' remaining contentions. Crane, J.P., Krausman, Spolzino and Skelos, JJ., concur.