■ ALEKSEY GURYEV, Respondent, v GREGORY TOMCHINSKY et al., Appellants, and 200 RIVERSIDE BOULEVARD AT TRUMP PLACE et al., Respondents. [981 NYS2d 429]—

In an action to recover damages for personal injuries, the defendants Gregory Tomchinsky and Marina Tomchinsky appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated March 5, 2012, as granted that branch of the motion of the defendants 200 Riverside Boulevard at Trump Place, Board of Managers of 200 Riverside Boulevard at Trump Place, and Trump Corporation which was for summary judgment on the cross claim of those defendants for contractual indemnification insofar as asserted against Gregory Tomchinsky, and denied that branch of their cross motion which was for summary judgment dismissing that cross claim insofar as asserted against Gregory Tomchinsky.

Ordered that the appeal by the defendant Marina Tomchinsky from so much of the order as granted that branch of the motion of the defendants 200 Riverside Boulevard at Trump Place, Board of Managers of 200 Riverside Boulevard at Trump Place, and Trump Corporation which was for summary judgment on

the cross claim of those defendants for contractual indemnification insofar as asserted against Gregory Tomchinsky is dismissed, as she is not aggrieved by that portion of the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendant Gregory Tomchinsky and insofar as reviewed on the appeal by the defendant Marina Tomchinsky; and it is further,

Ordered that one bill of costs is awarded to the defendants 200 Riverside Boulevard at Trump Place, Board of Managers of 200 Riverside Boulevard at Trump Place, and Trump Corporation, payable by the defendants Gregory Tomchinsky and Marina Tomchinsky.

On a previous appeal in this action, this Court dismissed the complaint and all cross claims insofar as asserted against the defendants 200 Riverside Boulevard at Trump Place, Board of Managers of 200 Riverside Boulevard at Trump Place, and Trump Corporation (hereinafter collectively the condominium defendants) (*see Guryev v Tomchinsky*, 87 AD3d 612 [2011], *affd* 20 NY3d 194 [2012]). In the instant appeal, the defendant Gregory Tomchinsky (hereinafter Tomchinsky) contends that a cross claim for indemnification asserted by the condominium defendants against him was pleaded as contingent upon a finding that the condominium defendants were liable to the plaintiff, and that the indemnification provision in an alteration agreement entered into between Tomchinsky and the defendant Board of Managers of 200 Riverside Boulevard at Trump Place violated General Obligations Law §§ 5-321 and 5-322.1. These contentions were raised for the first time in reply papers on Tomchinsky's cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. However, contrary to the condominium defendants' contention, review of these contentions on the merits is proper since the condominium defendants availed themselves of a fair opportunity to oppose them in a surreply affirmation (*see Hoffman v Kessler*, 28 AD3d 718, 719 [2006]; *Teplitskaya v 3096 Owners Corp.*, 289 AD2d 477, 477 [2001]; *Basile v Grand Union Co.*, 196 AD2d 836, 837 [1993]). Moreover, although Tomchinsky's contention that the subject cross claim seeks contribution rather than indemnification is raised for the first time on appeal, this Court can entertain the argument where, as here, it presents an issue of law that appears on the face of the record, and could not have been avoided had it been raised at the proper juncture (*see Verde Elec. Corp. v Federal Ins. Co.*, 50 AD3d 672, 673 [2008]; *Chrostowski v Chow*, 37 AD3d 638, 639 [2007]; *Beepat v James*, 303 AD2d 345, 346 [2003]).

Nevertheless, Tomchinsky's contentions are without merit. The condominium defendants met their initial burden of demonstrating their entitlement to contractual indemnification (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]) by submitting the alteration agreement, which included an express indemnification provision in their favor obligating Tomchinsky to indemnify them against "any claims of any person for death, personal injury or property damage" arising out of the renovation work to be performed in Tomchinsky's condominium unit, and excerpts from the transcript of the plaintiff's deposition in which he testified that his injuries occurred while performing the subject renovation work (*see Reisman v Bay Shore Union Free School Dist.*, 74 AD3d 772, 773-774 [2010]; *Naranjo v Star Corrugated Box Co., Inc.*, 11 AD3d 436, 438 [2004]). They also demonstrated that they were not negligent and did not have the authority to supervise, direct, or control the work that caused the plantiff's injury by submitting this Court's decision dismissing the complaint insofar as asserted against them (*see Guryev v Tomchinsky*, 87 AD3d 612 [2011]). Although the alteration agreement is not specifically described in the condominium defendants' answer, pleadings should be liberally construed and defects ignored unless a substantial right is prejudiced (*see* CPLR 3026; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Hendrickson v Philbor Motors, Inc.*, 102 AD3d 251, 255 [2012]; *Youssef v Triborough Bridge & Tunnel Auth.*, 24 AD3d 661, 661 [2005]; *Taft v Shaffer Trucking*, 52 AD2d 255, 257 [1976]). Upon review of the condominium defendants' answer, a cross claim for contractual indemnification may be "implied from its statements by fair and reasonable intendment" (*Korenman v Zaydelman*, 237 AD2d 711, 713 [1997] [internal quotation marks omitted]; *see Biance v Columbia Washington Ventures, LLC*, 12 AD3d 926, 928 [2004]; *Vitale v Fowler Oil Co.*, 238 AD2d 794, 795 [1997]), and, contrary to Tomchinsky's contentions, the cross claim is not solely for contribution or limited by a contingency as to the condominium defendants' liability.

In opposition, Tomchinsky failed to raise a triable issue of fact as to whether the contractual indemnification clause should not be enforced (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Contrary to Tomchinsky's contention, since the alteration agreement was not entered into in connection with, or collateral to, a lease, General Obligations Law § 5-321 is inapplicable (*cf. Dwyer v Central Park Studios, Inc.*, 98 AD3d 882, 884 [2012]; *Hadzihasanovic v 155 E. 72nd St. Corp.*, 70 AD3d 637 [2010]). Further, Tomchinsky's contention that the contractual indemnification clause violated General Obligations Law § 5-322.1 is without merit. The terms of the indemnifica-

tion clause did not require Tomchinsky to indemnify the condominium defendants for their own negligence (*see Brooks v Judlau Contr., Inc.*, 11 NY3d 204, 208-209 [2008]). Moreover, since the condominium defendants have established their freedom from negligence (*see Guryev v Tomchinsky*, 87 AD3d 612 [2011]), the contractual indemnification agreement, as applied, does not run afoul of the proscriptions of General Obligations Law § 5-322.1 (*see Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 786, 795 n 5 [1997]; *Lazzaro v MJM Indus.*, 288 AD2d 440 [2001]).

Accordingly, the Supreme Court properly granted that branch of the condominium defendants' motion which was for summary judgment on their cross claim for contractual indemnification insofar as asserted against Tomchinsky, and denied that branch of his cross motion which was for summary judgment dismissing that cross claim insofar as asserted against him (*see Reisman v Bay Shore Union Free School Dist.*, 74 AD3d at 774; *Naranjo v Star Corrugated Box Co., Inc.*, 11 AD3d at 438). Balkin, J.P., Chambers, Lott and Hinds-Radix, JJ., concur.