■ TIMOTHY SHEA, Respondent, v BLOOMBERG, L.P., et al., Respondents, and MATTHEW DAVID EVENTS, LTD., Appellant, et al., Defendants. (And a Third-Party Action.) [2 NYS3d 512]—

In an action to recover damages for personal injuries, the defendant Matthew David Events, Ltd., appeals, as limited by its brief, from so much of an order of the Supreme Court, Orange County (Marx, J.), dated April 2, 2013, as denied that branch of its motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against it, and granted that branch of the motion of the defendants Bloomberg, L.P., and Bloomberg, Inc., which was for summary judgment on their cross claim asserted against it for contractual indemnification.

Ordered that the order is affirmed insofar as appealed from, with costs.

On June 27, 2004, the plaintiff was allegedly injured when he was ejected from the rear cargo box of a John Deere Gator utility vehicle. At the time of the accident, the plaintiff was a stagehand employed by United Stage Associates, Inc., which had been hired by the defendant Matthew David Events, Ltd. (hereinafter MDE), to, among other things, set up and break down temporary stages and canopies for a corporate party sponsored by the defendant Bloomberg, L.P. (hereinafter Bloomberg), on Randalls Island. MDE had been hired by Bloomberg to design, plan, and manage the event, which included 20-foot-by-40-foot stages, a Ferris wheel, a train ride, bowling alleys, and other carnival attractions. On the morning after the event, the plaintiff arrived at the site for the break down phase. The accident occurred when he was on his way

from the parking lot to the staging tent to receive his work assignment.

Labor Law § 241 (6) provides that "[a]ll areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places." MDE made a prima facie showing that the accident did not fall within the scope of section 241 (6) because it did not arise from construction, excavation, or demolition work (*see* Labor Law § 241 [6]; *Esposito v New York City Indus. Dev. Agency*, 1 NY3d 526, 528 [2003]; *Nagel v D & R Realty Corp.*, 99 NY2d 98, 103 [2002]; *Holler v City of New York*, 38 AD3d 606, 607 [2007]; *Rodriguez v 1-10 Indus. Assoc., LLC*, 30 AD3d 576, 577 [2006]). In opposition, however, the plaintiff raised a triable issue of fact as to whether he was engaged in construction or demolition work at the time of the alleged injury (*see Zuckerman v City of New York*, 49 NY2d 557, 563 [1980]; *see also* 12 NYCRR 23-1.4 [b] [13], [16]). Accordingly, the Supreme Court properly denied that branch of MDE's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against it.

"While owners and general contractors owe nondelegable duties under the Labor Law to plaintiffs who are employed at their worksites, these defendants can recover in indemnity, either contractual or common-law, from those considered responsible for the accident" (*Kennelty v Darlind Constr.*, 260 AD2d 443, 445-446 [1999]; *see Brown v Two Exch. Plaza Partners*, 76 NY2d 172 [1990]; *Bermejo v New York City Health & Hosps. Corp.*, 119 AD3d 500, 503 [2014]; *Lazzaro v MJM Indus.*, 288 AD2d 440, 441 [2001]). A party's right to contractual indemnification depends upon the specific language of the relevant contract (*see Sawicki v GameStop Corp.*, 106 AD3d 979, 981 [2013]; *Alfaro v 65 W. 13th Acquisition, LLC*, 74 AD3d 1255 [2010]). A promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding circumstances (*see Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491-492 [1989]). In addition, "a party seeking contractual indemnification must prove itself free from negligence, because to the extent its negligence contributed to the accident, it cannot be indemnified therefor" (*Cava Constr. Co., Inc. v Gealtec Remodeling Corp.*, 58 AD3d 660, 662 [2009]; *see* General Obligations Law § 5-322.1).

Here, Bloomberg and Bloomberg, Inc. (hereinafter together

the Bloomberg defendants), demonstrated their prima facie entitlement to contractual indemnification (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Pursuant to the terms of the indemnification provision of MDE's master services agreement with the Bloomberg defendants (hereinafter the agreement), MDE was obligated to defend and indemnify the Bloomberg defendants from "all actions, suits, liabilities, losses, costs, damages, claims or other expenses . . . including, but not limited to, reasonable attorneys' fees, arising out of or in connection with (i) the provisioning of the Services by MDE and its Personnel [elsewhere defined as 'its employees, agents and third-party vendors hired by MDE'] pursuant to the Agreement; (ii) any act or omission of MDE or its Personnel pursuant to this Agreement or any [Scope of Work]." The Bloomberg defendants also demonstrated, prima facie, that they were not negligent.

In opposition, MDE failed to raise a triable issue of fact as to the enforceability of the contractual indemnification clause. Contrary to MDE's assertions, the plaintiff's claims clearly arose out of or in connection with MDE's provisioning of services pursuant to the agreement. In the absence of any proof that the Bloomberg defendants were negligent (*see Bermejo v New York City Health & Hosps. Corp.*, 119 AD3d at 503; *Centennial Contrs. Enters. v East N.Y. Renovation Corp.*, 79 AD3d 690, 692 [2010]; *Lazzaro v MJM Indus.*, 288 AD2d at 441), the Supreme Court properly awarded the Bloomberg defendants summary judgment on the cross claim asserted against MDE for contractual indemnification (*see Brown v Two Exch. Plaza Partners*, 76 NY2d at 175; *Bermejo v New York City Health & Hosps. Corp.*, 119 AD3d at 503; *Reisman v Bay Shore Union Free School Dist.*, 74 AD3d 772, 773-774 [2010]).

MDE's remaining contentions, raised for the first time on appeal, are not properly before this Court (*see Perla v Daytree Custom Bldrs., Inc.*, 119 AD3d 758, 760 [2014]; *Opalinski v City of New York*, 110 AD3d 694, 696 [2013]; *Jamindar v Uniondale Union Free School Dist.*, 90 AD3d 612, 617 [2011]). Rivera, J.P., Skelos, Roman and Miller, JJ., concur.