New Millennium Medical Imaging, P.C., as Assignee of NICHOLAS TOC, Respondent,
against
American Transit Ins. Co., Appellant.



Appeal from an order of the Civil Court of the City of New York, Kings County (Carol Ruth Feinman, J.), entered August 1, 2014. The order denied defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order is affirmed, with $25 costs.
New Millennium Medical Imaging, P.C. (New Millennium) commenced this action against American Transit Ins. Co. (American Transit) to recover first-party no-fault benefits for medical services that had been provided to plaintiff's assignor as a result of injuries, which, the complaint stated, had been sustained in an automobile accident that had occurred on March 17, 2012. Before New Millennium commenced this action, the insurer, American Transit, had commenced a declaratory judgment action in Supreme Court, New York County, against New Millennium and its assignor, Nicholas Toc, among others, alleging that the providers' claims had been timely and properly denied on the ground that their assignor had failed to attend duly scheduled independent medical examinations (IMEs). After the providers had failed to appear in the Supreme Court action, American Transit moved in the Supreme Court for an order granting it leave to enter a default declaratory judgment, declaring that, because of the assignor's nonappearances at the scheduled IMEs, New Millennium and the other providers were not entitled to no-fault coverage "for the motor vehicle accident that occurred on 4/2/2012." The Supreme Court issued a declaratory judgment, dated September 11, 2013, declaring that American Transit had no duty to pay no-fault claims "with respect to the April 02, 2012 collision."
Thereafter, American Transit moved in the Civil Court, pursuant to CPLR 3212, for summary judgment dismissing New Millennium's complaint, contending that the action is barred by virtue of the declaratory judgment. New Millennium opposed the motion. The affirmation of American Transit's counsel, and a letter submitted by the insurer as an exhibit to the motion, both referred to an accident that had occurred on March 17, 2012. By order entered August 1, 2014, the Civil Court denied American transit's motion, finding that an issue of fact exists as to whether the Supreme Court judgment applies to the present litigation.
"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any [*2]material issues of fact from the case" (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Res judicata, or claim preclusion, may be invoked where a party seeks to relitigate a disposition on the merits of claims or causes of action arising out of the same transaction which had been raised or could have been raised in the prior litigation (see Schuylkill Fuel Corp. v Nieberg Realty Corp., 250 NY 304, 306-307 [1929]; Albanez v Charles, 134 AD3d 657 [2015]; Eagle Surgical Supply, Inc. v AIG Indem. Ins. Co., 40 Misc 3d 139[A], 2013 NY Slip Op 51441[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). Here, American Transit failed to establish its entitlement to summary judgment, because its own papers presented two different accident dates, March 17, 2012 and April 2, 2012. Thus, a question of fact exists as to whether plaintiff's claim arose out of the same transaction as was in controversy in the Supreme Court litigation (see Schuylkill Fuel Corp., 250 NY at 306-307; Albanez, 134 AD3d 657; Eagle Surgical Supply, Inc., 40 Misc 3d 139[A], 2013 NY Slip Op 51441[U]). We decline to consider the assignment of benefits form which American Transit proffered to show the date of the accident at issue, as the assignment of benefits form was submitted for the first time in American Transit's reply papers (see L'Aquila Realty, LLC v Jalyng Food Corp., 103 AD3d 692 [2013]; GJF Constr. Corp. v Cosmopolitan Decorating Co., Inc., 35 AD3d 535 [2006]).
Accordingly, the order is affirmed.
Pesce, P.J., Weston and Solomon, JJ., concur.
Decision Date: March 01, 2016