■ JEFFERSON DE SOUZA, Plaintiff, v EMPIRE TRANSIT MIX, INC., et al., Defendants, McGOWAN BUILDERS, INC., Respondent, and LIC RES, LLC, Appellant. (And a Third-Party Action.) [63 NYS3d 473]—

In an action to recover damages for personal injuries, the defendant LIC Res, LLC, appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Toussaint, J.), entered July 10, 2015, as denied that branch of its motion which was for summary judgment on its cross claim for contractual indemnification against the defendant McGowan Builders, Inc.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant LIC Res, LLC, which was for summary judgment on its cross claim for contractual indemnification against the defendant McGowan Builders, Inc., is granted.

The central issue on this appeal is whether the defendant McGowan Builders, Inc. (hereinafter McGowan), the construction manager at a construction site located on premises in Queens, is obligated to indemnify the defendant LIC Res, LLC (hereinafter LIC), the owner of those premises, pursuant to an indemnification provision contained in a construction management agreement, whereby McGowan agreed to indemnify the owner of the premises from and against claims "arising out of

or resulting from the performance of the [w]ork, *provided that any such claim . . . is attributable* (a) to bodily injury . . . and (b) to any act or omissions of [McGowan], anyone employed by it or anyone for whose acts it may be liable to the extent attributable or arising out of such act, omission or breach." The plaintiff was employed by a subcontractor of Casino Development Group, Inc., which was a subcontractor of McGowan, when he allegedly sustained injuries to his eyes as an allegedly malfunctioning hose pumping concrete at the construction site exploded. The plaintiff commenced this action against LIC and McGowan, among others, to recover damages for negligence and violations of the Labor Law. Subsequently, LIC moved, inter alia, for summary judgment on its cross claims for contractual indemnification against McGowan, and the Supreme Court denied that branch of LIC's motion. We reverse insofar as appealed from.

The proponent of a motion for summary judgment must tender sufficient evidence to demonstrate as a matter of law the absence of a material issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). It is only after that initial burden has been satisfied that the opponent must produce sufficient evidence in admissible form to establish the existence of a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853).

"A party is entitled to full contractual indemnification provided that the intention to indemnify can be clearly implied from the language and purposes of the entire agreement and the surrounding facts and circumstances" (*Cuellar v City of New York*, 139 AD3d 996, 998 [2016] [internal quotation marks omitted]; *see Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491-492 [1989]; *Dos Santos v Power Auth. of State of N.Y.*, 85 AD3d 718, 722 [2011]; *George v Marshalls of MA, Inc.*, 61 AD3d 925, 930 [2009]). In addition, "[a] party seeking contractual indemnification must prove itself free from negligence, because to the extent its negligence contributed to the accident, it cannot be indemnified therefor" (*Bellefleur v Newark Beth Israel Med. Ctr.*, 66 AD3d 807, 808 [2009] [internal quotation marks omitted]; *see Shea v Bloomberg, L.P.*, 124 AD3d 621, 622 [2015]).

LIC demonstrated its prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324) by submitting, inter alia, the construction management agreement, which included an express indemnification clause in

favor of LIC, as the owner (*see Ramales v Pecker Iron Workers of Westchester, Inc.*, 114 AD3d 920, 921 [2014]; *Guryev v Tomchinsky*, 114 AD3d 723, 725 [2014]; *Farduchi v United Artists Theatre Circuit, Inc.*, 23 AD3d 610, 611 [2005]; *Naranjo v Star Corrugated Box Co., Inc.*, 11 AD3d 436, 437-438 [2004]). The plaintiff's alleged injuries resulted from the performance of work contemplated by the construction management agreement, and McGowan's responsibilities under that agreement encompassed the plaintiff's work. LIC also established, prima facie, that it was not negligent. In opposition, McGowan failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d at 562; *Guryev v Tomchinsky*, 114 AD3d at 726; *Reisman v Bay Shore Union Free School Dist.*, 74 AD3d 772, 773 [2010]; *Shea v Bloomberg, L.P.*, 124 AD3d at 623; *Naranjo v Star Corrugated Box Co., Inc.*, 11 AD3d at 438).

McGowan's remaining contentions are either without merit or improperly raised for the first time on appeal (*see Shea v Bloomberg, L.P.*, 124 AD3d at 623; *Jamindar v Uniondale Union Free School Dist.*, 90 AD3d 612, 617 [2011]).

Accordingly, the Supreme Court should have granted that branch of LIC's motion which was for summary judgment on its cross claim for contractual indemnification against McGowan. Dillon, J.P., Barros, Connolly and Iannacci, JJ., concur.