Rizo v 165 Eileen Way, LLC (2019 NY Slip Op 01245)





Rizo v 165 Eileen Way, LLC


2019 NY Slip Op 01245


Decided on February 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-05167
 (Index No. 2756/13)

[*1]Christian Rizo, respondent, 
v
165 Eileen Way, LLC, et al., appellants-respondents, Rosner Construction, LLC, respondent-appellant (and third-party actions).


Fischetti & Pesce, LLP, Rockville Centre, NY (Michelle A. Gellman of counsel), for appellant-respondent 165 Eileen Way, LLC.
Steven F. Goldstein, LLP, Carle Place, NY, for appellant-respondent 165 Eileen Way Sports, LLC.
Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Michael T. Reagan of counsel), for respondent-appellant.
Oshman & Mirisola, LLP, New York, NY (David L. Kremen of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants 165 Eileen Way, LLC, and 165 Eileen Way Sports, LLC, separately appeal, and the defendant Rosner Construction, LLC, cross-appeals, from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered April 1, 2016. The order, insofar as appealed from by the defendant 165 Eileen Way, LLC, denied those branches of its motion which were for summary judgment on its cross claims against the defendant Rosner Construction, LLC, for common-law and contractual indemnification. The order, insofar as appealed from by the defendant 165 Eileen Way Sports, LLC, denied those branches of its motion which were for summary judgment dismissing the Labor Law §§ 240(1) and 241(6) causes of action insofar as asserted against it and on its cross claim against the defendant Rosner Construction, LLC, for common-law indemnification.
ORDERED that the cross appeal is dismissed as abandoned; and it is further,
ORDERED that the order is modified, on the law, by deleting the provisions thereof denying those branches of the separate motions of the defendants 165 Eileen Way, LLC, and 165 Eileen Way Sports, LLC, which were for summary judgment on their cross claims against the defendant Rosner Construction, LLC, for common-law indemnification, and substituting therefor provisions granting those branches of the separate motions; as so modified, the order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff, payable by the defendant 165 Eileen Way Sports, LLC, and one bill of costs is awarded to the defendants 165 Eileen Way, [*2]LLC, and 165 Eileen Way Sports, LLC, payable by the defendant Rosner Construction, LLC.
The plaintiff allegedly was injured when he fell from a scaffold while hanging sheetrock in a building located at 165 Eileen Way in Syosset. The owner of the building was 165 Eileen Way, LLC (hereinafter the owner). Two different construction projects relevant to the issues in this case had taken place at the building. The first was the construction of a sports facility for a tenant, 165 Eileen Way Sports, LLC (hereinafter Sports). After that project ostensibly was completed, law firm offices were constructed in an adjacent space. Rosner Construction, LLC (hereinafter Rosner), was a contractor on both projects. After the law firm project also ostensibly was completed, the law firm complained that noise from the sports facility was disrupting law firm operations. Rosner was directed to soundproof the wall between the law firm and the sports facility. Rosner subcontracted the work to the plaintiff's employer. For reasons of convenience and space, the sheetrocking work performed in connection with soundproofing the wall was done on the sports facility's side of the wall. It was during this sheetrocking work that the plaintiff allegedly was injured.
The plaintiff commenced this action against the owner, Sports, and Rosner, alleging common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). The owner and Sports asserted cross claims against Rosner. Among other things, the owner sought common-law and contractual indemnification from Rosner, and Sports sought common-law indemnification from Rosner. Rosner and Sports each commenced a third-party action against the plaintiff's employer, who defaulted. After discovery was completed, Sports moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it and on its cross claim against Rosner for common-law indemnification. The owner separately moved, inter alia, for summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action insofar as asserted against it and on its cross claims against Rosner for common-law and contractual indemnification. Rosner cross-moved for summary judgment dismissing the owner's and Sports' cross claims against it for indemnification. In the order appealed from, the Supreme Court, inter alia, granted those branches of the separate motions of the owner and Sports which were for summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action insofar as asserted against each of them, denied those branches of Sports' motion which were for summary judgment dismissing the Labor Law §§ 240(1) and 241(6) causes of action insofar as asserted against it, denied that branch of Sports' motion which was for summary judgment on its cross claim against Rosner for common-law indemnification, denied those branches of the owner's motion which were for summary judgment on its cross claims against Rosner for common-law and contractual indemnification, and denied Rosner's cross motion.
The owner appeals from so much of the order as denied those branches of its motion which were for summary judgment on its cross claims against Rosner for common-law and contractual indemnification. Sports appeals from so much of the order as denied those branches of its motion which were for summary judgment dismissing the Labor Law §§ 240(1) and 241(6) causes of action insofar as asserted against it and on its cross claim against Rosner for common-law indemnification.
Rosner filed a notice of cross appeal from the order, but, in its brief, does not ask for reversal or modification of the order. Accordingly, Rosner's cross appeal must be dismissed as abandoned (see Reid v Soults, 114 AD3d 921, 923).
As relevant here, the obligations of Labor Law §§ 240(1) and 241(6) apply to "contractors and owners and their agents" (Labor Law § 240[1]; see Labor Law § 241[6]; Ferluckaj v Goldman Sachs & Co., 12 NY3d 316, 319-320; Eliassian v G.F. Constr., Inc., 163 AD3d 528, 529). Tenants who either contract for or control and supervise the work may be held liable under these statutes (see Wendel v Pillsbury Corp., 205 AD2d 527, 528-529; cf. Garcia v Market Assoc., 123 AD3d 661, 665), but tenants who neither contract for nor control and supervise the work may not be held liable under them (see Ferluckaj v Goldman Sachs & Co., 12 NY3d at 319-320; Garcia v Market Assoc., 123 AD3d at 665; Guzman v L.M.P. Realty Corp., 262 AD2d 99, 99-100). Here, Sports' moving papers demonstrated that there was a triable issue of fact as to whether it had [*3]contracted for the soundproofing work. Specifically, Sports submitted the deposition testimony of Rosner's foreman, who testified that Sports' principal was one of the men who directed him to construct the soundproof wall between the sports facility and the law firm. Because Sports' moving papers demonstrated that Sports was not entitled to summary judgment dismissing the Labor Law §§ 240(1) and 241(6) causes of action insofar as asserted against it, we agree with the Supreme Court's determination denying those branches of Sports' motion (see Alfonso v Pacific Classon Realty, LLC, 101 AD3d 768, 770; cf. Pantovic v YL Realty, Inc., 117 AD3d 538, 538-539).
We also agree with the Supreme Court's denial of that branch of the owner's motion which was for summary judgment on its cross claim against Rosner for contractual indemnification. The owner relied on written agreements that, on their face, related to the construction of the law firm offices. The evidence submitted by the owner demonstrated the existence of a triable issue of fact as to whether the soundproofing work arose out of the law firm construction project, which had otherwise been completed months earlier, or was independent of it (see McCoy v Medford Landing, L.P., 164 AD3d 1436, 1439-1440; Lombardo v Tag Ct. Sq., LLC, 126 AD3d 949, 950-951; cf. Marulanda v Vance Assoc., LLC, 160 AD3d 711, 712-713; De Souza v Empire Tr. Mix, Inc., 155 AD3d 605, 606-607; Shea v Bloomberg, L.P., 124 AD3d 621, 622-623).
Finally, we disagree with the Supreme Court's determination to deny those branches of the owner's and Sports' separate motions which were for summary judgment on their cross claims against Rosner for common-law indemnification. Both the owner and Sports demonstrated, prima facie, that any statutory liability they faced under Labor Law §§ 240(1) and 241(6) was vicarious. They also demonstrated, prima facie, that Rosner directed, supervised, or controlled the work that gave rise to the plaintiff's alleged injuries (see McCarthy v Turner Constr., Inc., 17 NY3d 369, 378). In opposition, Rosner failed to raise a triable issue of fact (see Bermejo v New York City Health & Hosps. Corp., 119 AD3d 500, 504; Esteves-Rivas v W2001Z/15CPW Realty, LLC, 104 AD3d 802, 804; Allan v DHL Express [USA], Inc., 99 AD3d 828, 833). Accordingly, those branches of the owner's and Sports' separate motions which were for summary judgment on their cross claims against Rosner for common-law indemnification should have been granted (see Bermejo v New York City Health & Hosps. Corp., 119 AD3d at 504).
BALKIN, J.P., AUSTIN, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court