Jara v Costco Wholesale Corp. (2019 NY Slip Op 08664)





Jara v Costco Wholesale Corp.


2019 NY Slip Op 08664


Decided on December 4, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
JOHN M. LEVENTHAL
ANGELA G. IANNACCI, JJ.


2017-05130
 (Index No. 3654/15)

[*1]Rodrigo Jara, plaintiff-respondent, 
v
Costco Wholesale Corp., appellant, Westbury Liquors, Inc., defendant-respondent, et al., defendants.


Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Gregory J. Dell and Rachel A. Rubin of counsel), for appellant.
Rodney S. Lapidus, P.C., Dix Hills, NY, for plaintiff-respondent.
Martyn Toher Martyn & Rossi, Mineola, NY (Thomas M. Martyn of counsel), for defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Costco Wholesale Corp. appeals from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered March 30, 2017. The order, insofar as appealed from, (1) granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant Costco Wholesale Corp., (2) granted that branch of the cross motion of the defendant Westbury Liquors, Inc., which was for summary judgment dismissing the cross claim of the defendant Costco Wholesale Corp. for contractual indemnification insofar as asserted against the defendant Westbury Liquors, Inc., (3) denied that branch of the cross motion of the defendant Costco Wholesale Corp. which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against it, and (4) denied the motion of the defendant Costco Wholesale Corp. for summary judgment on its cross claim for contractual indemnification insofar as asserted against the defendant Westbury Liquors, Inc.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the cross motion of the defendant Westbury Liquors, Inc., which was for summary judgment dismissing the cross claim of the defendant Costco Wholesale Corp. for contractual indemnification insofar as asserted against the defendant Westbury Liquors, Inc., and substituting therefor a provision denying that branch of the cross motion, and (2) by deleting the provision thereof denying the motion of the defendant Costco Wholesale Corp. for summary judgment on its cross claim for contractual indemnification insofar as asserted against the defendant Westbury Liquors, Inc., and substituting therefor a provision granting that motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable by the defendant Westbury Liquors, Inc., to the defendant Costco Wholesale Corp., and one bill of costs payable by the defendant Costco Wholesale Corp. to the plaintiff.
The plaintiff commenced this action to recover damages for personal injuries against, among others, the defendants Costco Wholesale Corp. (hereinafter Costco) and Westbury Liquors, [*2]Inc. (hereinafter Westbury), alleging common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). The plaintiff, a self-employed electrician, allegedly was injured while repairing an electrically operated, roll-up metal gate for the entrance to premises owned by Costco and leased to Westbury. The gate had ceased to function and was stuck in the open position. As a result, Westbury contacted Costco, which then contacted the defendant Enertech Associates, Inc. (hereinafter Enertech). Enertech hired the plaintiff as a subcontractor to perform the repair.
At his deposition, the plaintiff testified that he first attempted to utilize a rolling staircase provided by Westbury to facilitate the repair, but the rolling staircase was not high enough to reach the electrical control boxes and motor control box situated toward the top of the walls of the premises. The plaintiff then went to his truck and retrieved his own 16-foot, multiposition extension ladder, brought it back to the store, set it up against the east side wall by resting the rubber tips at the top of the ladder against the cinderblock wall, climbed up the ladder without incident, and observed the electrical control boxes in that area.
Thereafter, the plaintiff moved the ladder to the north wall so that he could examine the motor control box situated on top of the rounded steel housing for the gate. The plaintiff placed the top of the ladder so that it was resting against the rounded housing for the gate. While he was climbing back up the ladder, the ladder slid to the left, causing him to fall toward the right and approximately 10 to 12 feet to the ground. The plaintiff, a witness for Westbury, and a witness for Costco testified at their depositions that no one on behalf of Costco was present while the plaintiff was performing this work.
Following the completion of discovery, the plaintiff moved for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action insofar as asserted against Costco. Westbury cross-moved, inter alia, for summary judgment dismissing Costco's cross claim for contractual indemnification insofar as asserted against Westbury. Costco cross-moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against it, and separately moved for summary judgment on its cross claim for contractual indemnification insofar as asserted against Westbury.
The Supreme Court, inter alia, granted the plaintiff's motion, granted that branch of Westbury's cross motion which was for summary judgment dismissing Costco's cross claim for contractual indemnification insofar as asserted against Westbury, granted those branches of Costco's cross motion which were for summary judgment dismissing the common-law negligence and Labor Law §§ 200 and 241(6) causes of action insofar as asserted against it, denied that branch of Costco's cross motion which was for summary judgment dismissing the Labor Law § 240(1) cause of action insofar as asserted against it, and denied Costco's separate motion for summary judgment on its cross claim for contractual indemnification insofar as asserted against Westbury. Costco appeals.
Labor Law § 240(1) provides that building owners and contractors shall furnish, or cause to be furnished, safety devices which are "so constructed, placed and operated as to give proper protection [to workers]" (see Gordon v Eastern Ry. Supply, 82 NY2d 555, 559). "To establish liability pursuant to Labor Law § 240(1), a plaintiff must demonstrate a violation of the statute and that such violation was a proximate cause of his or her injuries" (Viera v WFJ Realty Corp., 140 AD3d 737, 738). A building owner may be held liable for a violation of Labor Law § 240(1) even if it did not exercise supervision or control over the work (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 287; Mingo v Lebedowicz, 57 AD3d 491, 492).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability on the Labor Law § 240(1) cause of action insofar as asserted against Costco by demonstrating that he was injured when he fell while using an unsecured ladder, which unexpectedly collapsed and caused his injuries, without the benefit of any safety devices to prevent such a fall (see Lopez-Dones v 601 W. Assoc., LLC, 98 AD3d 476, 479; Mingo v Lebedowicz, 57 AD3d at 493; McCarthy v Turner Constr., Inc., 52 AD3d 333, 333-334; see also Peralta v American Tel. & Tel. Co., 29 AD3d 493; cf. Kwang Ho Kim v D & W Shin Realty Corp., 47 AD3d 616, 618). In opposition, Costco failed to raise a triable issue of fact as to whether the plaintiff's conduct was [*3]the sole proximate cause of his injuries (see Salinas v 64 Jefferson Apts., LLC, 170 AD3d 1216, 1222-1223; Durmiaki v International Bus. Machs. Corp., 85 AD3d 960, 961). Consequently, we agree with the Supreme Court's determination to grant the plaintiff's motion for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action insofar as asserted against Costco and to deny that branch of Costco's cross motion which was for summary judgment dismissing the Labor Law § 240(1) cause of action insofar as asserted against it.
"[A] party who has been held liable to an injured worker solely on the basis of the statutory liability imposed by section 240(1), without any fault on its part, is entitled to recover under a contract of indemnity" (Correia v Professional Data Mgt., 259 AD2d 60, 64 [emphasis omitted]; see Brown v Two Exch. Plaza Partners, 76 NY2d 172, 180-181; Bermejo v New York City Health & Hosps. Corp., 119 AD3d 500, 503). "The right to contractual indemnification depends upon the specific language of the contract" (Roldan v New York Univ., 81 AD3d 625, 628; see Sawicki v GameStop Corp., 106 AD3d 979, 981).
Here, paragraph 7.4 of the subject lease provided, in pertinent part, that: "[Westbury] shall and does hereby indemnify and save [Costco] harmless of, from and against all . . . liabilities . . . of whatsoever nature . . . for personal injury . . . occurring in or about the Premises; including all statutory and common law liability for . . . injuries . . . sustained by any person in or about the Premises, except (and to the extent) those which shall result, directly or indirectly, from the default, negligence or tortious acts of [Costco]." Paragraph 8 of the lease provided that Costco "shall be responsible for and make all repairs . . . to the Premises, . . . interior and exterior, structural and nonstructural, so that the same shall . . . be in a safe and tenantable [sic] condition." Paragraph 8 also required Westbury to make any repairs "required by reason of [its] negligence . . . or any breach . . . of any provision of th[e] Lease."
Costco demonstrated its prima facie entitlement to contractual indemnification against Westbury (see Shea v Bloomberg, L.P., 124 AD3d 621, 623). Pursuant to the terms of paragraph 7.4 of the lease, Westbury was obligated to defend and indemnify Costco with respect to claims for personal injury at the subject premises except for those injuries caused by Costco's own "default, negligence or tortious acts." Costco showed that it was not negligent and did not commit any tortious acts with respect to the happening of the plaintiff's accident, and that it did not direct, control, or supervise the manner in which the plaintiff performed his work (see Marulanda v Vance Assocs., LLC, 160 AD3d 711, 712-713; Shea v Bloomberg, L.P., 124 AD3d at 623). Costco also demonstrated that the plaintiff's injuries did not result from any default of its obligations under the lease.
In opposition, Westbury failed to raise a triable issue of fact as to the enforceability of the contractual indemnification clause. Contrary to Westbury's assertions, the fact that the plaintiff's accident occurred while he was in the process of repairing the gate did not establish that Costco had breached its contractual obligation to repair the premises such that it was not entitled to contractual indemnification. To the contrary, the evidence demonstrated that Costco contacted Enertech to fix the gate and Enertech engaged the plaintiff, as a subcontractor, to actually perform the work. By hiring Enertech to fix the gate, Costco fulfilled its obligation under the lease with respect to repairs. Moreover, Westbury's contention that it was not required to indemnify Costco pursuant to paragraph 7.4 of the lease due to the fact that the Supreme Court found against Costco with respect to the Labor Law § 240(1) cause of action, albeit solely by virtue of Costco being the owner of the subject premises, demonstrated that Costco committed a "tortious act" which resulted in the plaintiff's injuries is without merit (see e.g. Del Vecchio v State of New York, 246 AD2d 498, 499). Consequently, in the absence of any evidence that Costco was in default of its contractual obligations or was negligent or committed tortious acts which caused the plaintiff's accident (see Shea v Bloomberg, L.P., 124 AD3d at 623; Bermejo v New York City Health & Hosps. Corp., 119 AD3d at 503), the court should have granted Costco's motion for summary judgment on its cross claim for contractual indemnification insofar as asserted against Westbury and denied that branch of Westbury's cross motion which was for summary judgment dismissing that cross claim insofar as asserted against it.
RIVERA, J.P., AUSTIN, LEVENTHAL and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court