Martinez v 281 Broadway Holdings, LLC (2020 NY Slip Op 02774)





Martinez v 281 Broadway Holdings, LLC


2020 NY Slip Op 02774


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2017-04471
 (Index No. 3684/11)

[*1]Hilario Martinez, plaintiff-respondent, 
v
281 Broadway Holdings, LLC, et al., defendants-respondents, S.J. Electric, Inc., appellant, et al., defendants.


Gallo Vitucci Klar LLP, New York, NY (Andrew M. Lauri of counsel), for appellant.
Friedman, Friedman, Chiaravalloti & Giannini, New York, NY (A. Joseph Giannini and William Schwitzer & Associates, P.C. [Howard R. Cohen], of counsel), for plaintiff-respondent.
Litchfield Cavo LLP, New York, NY (Louis F. Eckert of counsel), for defendants-respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant S.J. Electric, Inc., appeals from an order of the Supreme Court, Kings County (Wayne P. Saitta, J.), dated February 16, 2017. The order, insofar as appealed from, granted that branch of the cross motion of the defendant 281 Broadway Holdings, LLC, which was for summary judgment on its cross claim for contractual indemnification against the defendant S.J. Electric, Inc., in effect, denied that branch of the motion of the defendant S.J. Electric, Inc., which was to vacate portions of an order of the same court dated June 8, 2016, in which the Supreme Court made certain findings of fact, and, upon reargument, in effect, searched the record and awarded summary judgment to the plaintiff dismissing the affirmative defense of the defendant S.J. Electric, Inc., alleging comparative negligence.
ORDERED that the order dated February 16, 2017, is modified, on the law, (1) by deleting the provision thereof, in effect, denying that branch of the motion of the defendant S.J. Electric, Inc., which was to vacate portions of the order dated June 8, 2016, in which the Supreme Court made certain findings of fact, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof, upon reargument, in effect, searching the record and awarding summary judgment to the plaintiff dismissing the affirmative defense of the defendant S.J. Electric, Inc., alleging comparative negligence; as so modified, the order dated February 16, 2017, is affirmed insofar as appealed from, with one bill of costs to the defendant 281 Broadway Holdings, LLC, payable by the defendant S.J. Electric, Inc., and one bill of costs to the defendant S.J. Electric, Inc., payable by the plaintiff, and the order dated June 8, 2016, is modified accordingly.
In December 2010, the plaintiff was working on a project to construct a new building for the defendant 281 Broadway Holdings, LLC (hereinafter 281 Broadway). The defendant Pavarini McGovern, LLC (hereinafter Pavarini), was the general contractor on the project. In a subcontract, Pavarini hired the defendant S.J. Electric, Inc. (hereinafter SJE), to do the electrical work. The [*2]plaintiff, who was employed by a nonparty subcontractor to do cement work, alleged that he was injured when his right foot became entangled in electrical wires hanging from the ceiling. The plaintiff alleged that, at the time of the accident, he was carrying a sheet of wood and metal, eight feet by three feet in size, and weighing 150 pounds. The electrical wires had been imbedded in the ceiling by SJE, and were waiting to be attached to various light fixtures and receptacles.
Thereafter, the plaintiff commenced this action, asserting causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241(6). The plaintiff moved for summary judgment on the issue of liability on the Labor Law § 241(6) cause of action insofar as asserted against 281 Broadway and Pavarini. SJE opposed that motion, and moved for summary judgment dismissing the Labor Law §§ 200 and 241(6) and common-law negligence causes of action insofar as asserted against it. In an order dated June 8, 2016, the Supreme Court granted the plaintiff's motion and denied SJE's motion.
On or about June 22, 2016, SJE moved to stay all proceedings, including jury selection in the trial scheduled for June 24, 2016, for permission to reargue the motions for summary judgment decided on June 8, 2016, and to vacate and/or resettle the order. SJE argued, inter alia, that the June 8, 2016, order regarding the negligence causes of action was confusing, and that the plaintiff was interpreting the Supreme Court's language, that SJE had created the dangerous condition, as granting summary judgment to the plaintiff on the issue of negligence, and that the plaintiff was now seeking a damages-only trial. 281 Broadway and Pavarini cross-moved, inter alia, for summary judgment on their cross claims for contractual indemnification against SJE. The plaintiff cross-moved for an order confirming that the only issue to be decided at trial concerned damages, arguing that all liability issues had been resolved by the June 8, 2016, order in his favor since the court had granted his prior motion for summary judgment on the issue of liability on the Labor Law § 241(6) cause of action. In an order dated February 16, 2017, the court clarified that it had not intended to grant summary judgment to the plaintiff on the common-law negligence and Labor Law § 200 causes of action against SJE. Upon reargument, the court, in effect, vacated the determination in the prior order denying that branch of SJE's prior motion which was for summary judgment dismissing the Labor Law § 200 cause of action insofar as asserted against it, and thereupon granted that branch of SJE's prior motion. The court otherwise denied SJE's motion. In addition, upon reargument, the court, in effect, searched the record and awarded summary judgment to the plaintiff dismissing SJE's affirmative defense alleging comparative negligence. The court also granted that branch of 281 Broadway's cross motion which was for summary judgment on its cross claim for contractual indemnification against SJE, but denied Pavarini's cross motion for the same relief.
We agree with the Supreme Court's determination granting that branch of 281 Broadway's motion which was for summary judgment on its cross claim for contractual indemnification against SJE. " [A] party seeking contractual indemnification must prove itself free from negligence, because to the extent its negligence contributed to the accident, it cannot be indemnified therefor'" (Ventimiglia v Thatch, Ripley & Co., LLC, 96 AD3d 1043, 1047-1048, quoting Cava Constr. Co., Inc. v Gealtec Remodeling Corp., 58 AD3d 660, 662; see General Obligations Law § 5-322.1; Rodriguez v Tribeca 105, LLC, 93 AD3d 655). Here, 281 Broadway established its prima facie entitlement to contractual indemnification by submitting the relevant contract, which provides that SJE shall indemnify 281 Broadway against any claims arising out of work performed by SJE, and transcripts of deposition testimony that established that 281 Broadway was not negligent and that the plaintiff's negligence claim against 281 Broadway arose out of the work performed by SJE, i.e., the manner in which the electric wires were left subsequent to their installation (see Shea v Bloomberg, L.P., 124 AD3d 621, 622-623; cf. Bermejo v New York City Health & Hosps. Corp., 119 AD3d 500, 503; see e.g. Worth Constr. Co., Inc. v Admiral Ins. Co., 10 NY3d 411, 425). In opposition, SJE failed to raise a triable issue of fact as to the enforceability of the contractual indemnification clause in favor of 281 Broadway (see Shea v Bloomberg, L.P., 124 AD3d at 623).
However, we do not agree with the Supreme Court's determination, made upon reargument, to, in effect, search the record and award summary judgment to the plaintiff dismissing [*3]SJE's affirmative defense alleging comparative negligence. CPLR 3212(b) provides, in part, that a movant moving for summary judgment "shall show . . . that . . . [the] defense has no merit" (CPLR 3212[b]). "The motion shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party" (CPLR 3212[b]). Except if it appears that the only triable issues of fact relate to the amount or extent of damages or the motion is based on any of the grounds set forth in CPLR 3211(a) or (b), "the motion shall be denied if any party shall show facts sufficient to require a trial of any issue of fact" (CPLR 3212[b]). Here, SJE raised a triable issue of fact as to whether the condition was readily observable, which bears upon the issue of the plaintiff's comparative negligence (see e.g. Van Salisbury v Elliott-Lewis, 55 AD3d 725, 727; Sportiello v City of New York, 6 AD3d 421, 422). As a result, the court should not have, in effect, awarded summary judgment dismissing SJE's affirmative defense of comparative negligence.
Moreover, upon a motion for summary judgment, the court's function is one of issue-finding rather than issue determination (see Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404). "It is not the function of a court . . . to make credibility determinations or findings of fact, but rather to identify material triable issues of fact (or point to the lack thereof)" (Vega v Restani Const. Corp., 18 NY3d 499, 505). Here, in the order dated June 8, 2016, in discussing that branch of SJE's motion which was to dismiss the Labor Law § 200 cause of action insofar as asserted against it, the Supreme Court stated that SJE created the "dangerous condition" and "tripping hazard" which caused the plaintiff to fall. In the order appealed from, the court clarified that an issue of fact existed as to whether SJE was negligent which was to be resolved by the factfinder. Thus, the court should have granted that branch of SJE's motion which was to vacate those portions of the June 8, 2016, order in which the court appeared to make findings of fact as to the existence of a defective and/or dangerous condition, the creation of that condition, and whether that condition proximately caused the subject accident.
In light of our determination, we need not reach SJE's remaining contentions.
AUSTIN, J.P., HINDS-RADIX, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court