Heredia v GCB, Inc. (2025 NY Slip Op 04636)

Heredia v GCB, Inc.

2025 NY Slip Op 04636

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
PHILLIP HOM, JJ.

2023-09049
 (Index No. 520359/17)

[*1]Anthony Heredia, plaintiff, 
v
GCB, Inc., defendant third-party plaintiff-appellant, et al., defendants; H & S Steel Builder Corp., third-party defendant-respondent, et al., third-party defendant.

Traub Lieberman Straus & Shrewsberry LLP, Hawthorne, NY (Jeffrey L. Smith and Lisa M. Rolle of counsel), for defendant third-party plaintiff-appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Judy C. Selmeci and Patricia C. Wik of counsel), for third-party defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals from an order of the Supreme Court, Kings County (Richard J. Montelione, J.), dated June 21, 2023. The order, insofar as appealed from, granted that branch of the motion of the third-party defendant H & S Steel Builder Corp., which was for summary judgment dismissing the third-party complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained when he fell from a ladder while working on a renovation project. The defendant third-party plaintiff, GCB, Inc. (hereinafter GCB), the general contractor, commenced a third-party action against the third-party defendants, Metro High Tech Steel & Builders, Inc., the plaintiff's employer, and H & S Steel Builder Corp. (hereinafter H & S), asserting, among other things, a cause of action for contractual indemnification. H & S moved, inter alia, for summary judgment dismissing the third-party complaint insofar as asserted against it. In an order dated June 21, 2023, the Supreme Court, among other things, granted that branch of the motion. GCB appeals.
"A party's right to contractual indemnification depends upon the specific language of the relevant contract" (Shea v Bloomberg, L.P., 124 AD3d 621, 622). Here, H & S established, prima facie, that it did not perform any work on the subject project and that it was not a party to the relevant contract, which included an indemnification clause.
In opposition, GCB failed to raise a triable issue of fact. Contrary to GCB's contention, it failed to demonstrate that H & S's motion was premature. "A party should be afforded a reasonable opportunity to conduct discovery prior to the determination of a motion for summary judgment" (Brea v Salvatore, 130 AD3d 956, 956). Here, however, the record shows that GCB had a reasonable opportunity to pursue discovery but was not diligent in pursuing discovery for more than three years prior to H & S's motion (see Ramirez v Pace Univ., 230 AD3d 811, 812; Mogrovejo [*2]v HG Hous. Dev. Fund Co., Inc., 207 AD3d 457, 460; Jobson v SM Livery, Inc., 175 AD3d 1510, 1512). In addition, GCB's contention that certain discovery might lead to relevant information was speculative (see Ramirez v Pace Univ., 230 AD3d at 812). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered by further discovery is an insufficient basis for denying the motion" (Jobson v SM Livery, Inc., 175 AD3d at 1512 [internal quotation marks omitted]).
Accordingly, the Supreme Court properly granted that branch of H & S's motion which was for summary judgment dismissing the third-party complaint insofar as asserted against it.
IANNACCI, J.P., CHRISTOPHER, DOWLING and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court