Sunset Condo II, LLC v O'Neill

2026 NY Slip Op 03014

May 13, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Sunset Condo II, LLC, et al., appellants,

v

Linda O'Neill, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 13, 2026

2023-10992, (Index No. 62075/18)

Colleen D. Duffy, J.P.

Deborah A. Dowling

Phillip Hom

Susan Quirk, JJ.

Kitson & Schuyler, P.C., Croton on Hudson, NY (Peter Schuyler of counsel), for appellants.

Smith, Buss & Jacobs, LLP, Yonkers, NY (Jacqueline L. Aiello of counsel), for respondents.

[*1]

DECISION & ORDER

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated August 24, 2023. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.

ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint is denied.

In August 2018, the plaintiffs commenced this action against the defendants, inter alia, to recover damages for breach of contract and for injunctive and related relief arising out of a dispute over rules and regulations enacted by the defendant Board of Directors of Half Moon Bay Homeowners' Association, Inc., restricting the use of certain community facilities to residents of the Half Moon Bay complex of condominiums in Westchester. The defendants moved, among other things, for summary judgment dismissing the complaint. The plaintiffs opposed. In an order dated August 24, 2023, the Supreme Court, inter alia, granted that branch of the defendants' motion.

The Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the complaint, as the defendants' submissions were insufficient to establish their entitlement to judgment as a matter of law. The defendants failed to demonstrate the admissibility of the records they relied upon under the business records exception to the hearsay rule (see CPLR 4518[a]; Citibank, N.A. v Cabrera, 130 AD3d 861, 861-862). Moreover, consideration of evidence purporting to correct the deficiency in the evidence submitted for the first time in reply was improper (see L'Aquila Realty, LLC v Jalyng Food Corp, 103 AD3d 692; GJF Constr. Corp v Cosmopolitan Decorating Co., Inc. 35 AD3d 535). Accordingly, that branch of the defendants' motion which was for summary judgment dismissing the complaint should have been denied, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).

DUFFY, J.P., DOWLING, HOM and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court